**STATE of Tennessee, Appellee,**

v.

**Jerry B. BEECH, Defendant–Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 2, 1987.

Permission to Appeal Denied by Supreme Court Dec. 7, 1987.

Ernest W. Williams, Franklin, for defendant-appellant.

Joseph Baugh, Dist. Atty. Gen., Maurine A. Hatchett, Asst. Dist. Atty. Gen., W.J. Michael Cody, Atty. Gen., Albert L. Partee, III, Asst. Atty. Gen., for appellee.

## OPINION

WILLIAM S. RUSSELL, Special Judge.

Jerry Beech appeals three convictions growing out of a single incident. He

was convicted of driving while under the influence of an intoxicant (second offense), simple possession of marijuana and driving when his driver's license was revoked. Arrested at night by a highway patrolman who observed him swerve across the center line of a highway, then turn onto a side road and turn the lights off on his still moving pickup truck, the appellant after his arrest dropped a quantity of marijuana from his person in the sight and presence of the arresting officer. He had previously had his Tennessee driver's license revoked. Clearly, he is guilty of the three offenses, and the issue questioning the legal sufficiency of the convicting evidence is overruled.

Appellant questions the adequacy of the State's proof of the chain of custody of the contraband marijuana. The officer testified that he retrieved it at the scene of the arrest. He testified upon the preliminary hearing that he mailed it to the crime laboratory in Nashville; but the way that the package was marked indicated to the lab personnel that it had been hand-delivered by the trooper. He testified that he does not remember delivering the package to the crime laboratory, but assumes he did. He identified the evidence as having been that which he seized from the appellant at the time of the arrest. The testimony as a whole establishes that no tampering occurred.

 The law is well established that as a condition precedent to the introduction of tangible evidence a witness must either identify the object and attest that it is in the same condition as it was at the time of the crime, or an unbroken chain of custody must be established. *Bolen v. State*, 544 S.W.2d 918 (Tenn.Crim.App.1976). Whether the requisite chain of custody has been sufficiently established to justify admission of an exhibit is a matter committed to the discretion of the trial judge, whose determination will not be disturbed in the absence of a clearly mistaken exercise thereof. *Ritter v. State*, 3 Tenn.Crim.App. 372, 462

S.W.2d 247 (1970). We find no merit in this complaint.

Appellant questions the allowance of an amendment to the indictment. As originally drafted, the indictment identified the relevant prior DUI conviction as "Williamson County General Sessions Court, DUI, on 3–15–84". Five days before the trial began the State moved to amend to substitute "Franklin City Court, Williamson County, Tennessee" for "Williamson County General Sessions Court". The date remained the same. A copy of the motion to amend was served upon defense counsel. The amendment was allowed the day before the trial began.

Rule 7(b) of the Tennessee Rules of Criminal Procedure provides:

(b) Amendments of Indictments, Presentments and Informations. An Indictment, presentment or information may be amended in all cases with the consent of the defendant. If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.

Obviously, in this case the defendant did not consent, and jeopardy had not attached. The issue then becomes:

(1) Was an additional or different offense charged?

(2) Were substantial rights of the defendant prejudiced?

 We hold that no additional or different offense was charged. Actually, the amendment was not, strictly speaking, to a charging count. The charge was DUI, set out in the previous count. This was in a supplementary count to give the notice of a prior DUI conviction (for penalty enhancement purpose) mandated by T.C.A. § 55–10–403(g). The amendment simply gave a slightly different identity to the prior offense, but the charge before the court remained the same, i.e., DUI second offense.

There can be no serious argument that the appellant was not prejudiced. Obvious-

**588**

ly, had the amendment not been allowed there could have been no conviction under this proof for being a second offender. But here prejudice is not the issue. All convicting evidence, however legitimate and legal, is prejudicial. The question becomes one of whether there was illegal or unfair prejudice. Was a legitimate right of the appellant prejudiced? We think that the appellant had no right to be tried on an indictment containing a clerical error that could be easily corrected in ample time for him to prepare whatever defense he might have. We respectfully reject the appellant's argument that the amendment "failed to give defendant notice of the charges against him, convicted him of an offense for which he had not been indicted, and * * * defendant was effectively charged with an offense different from the one of which he was indicted." The charge was clearly the same. The identity of the court wherein the prior DUI conviction was entered was simply corrected.

 Finally, the appellant argues that his sentences are too severe. The trial judge set jail sentences of eleven months and twenty-nine days for DUI second offense and also for simple marijuana possession, and six months for driving on a revoked license. They were made consecutive, and at 100% before eligibility for release classification status. The jury had previously set fines of $500.00 for marijuana possession, $2,500.00 for DUI second offense and $500.00 for driving on a revoked license.

The record on appeal does not contain the presentence report or the transcript of the sentencing hearing. Tenn.R.App.P. 24(e) places this responsibility upon the appellant. In the absence of an adequate record we must presume that the trial court's ruling was adequately supported by the evidence. Tenn.R.App.P. 13(c) and 36(a); *Smith v. State,* 584 S.W.2d 811, (Tenn.Crim.App.1979); *Vermilye v. State,* 584 S.W.2d 226 (Tenn.Crim.App.1979).

We do note, as a matter of plain error, that the setting of the service of 100% of the sentences before eligibility for release classification status exceeds the 75% maximum allowed by T.C.A. § 40–35–302(d), and we modify the judgment to reduce same to 75%.

Affirmed, as so modified.

SCOTT, P.P.J., and JONES, J., concur.