# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## MAY 1997 SESSION

FILED

June 30, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,　　　　)
　　　　　　　　　　　　　　　　) C.C.A. No.  01C01-9603-CC-00119
　　　Appellee,　　　　　　　　)
　　　　　　　　　　　　　　　　) Bedford County
V.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　) Honorable William Charles Lee, Judge
　　　　　　　　　　　　　　　　)
JEROME PATRICK LYONS,　　) (Speeding)
　　　　　　　　　　　　　　　　)
　　　Appellant.　　　　　　　　)

FOR THE APPELLANT:

Jerome Patrick Lyons, Pro Se
200 7th Street - Bell Buckle
P.O. Box 0622
Shelbyville, TN 37160-0622

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

William Michael McCown
District Attorney General

Robert G. Crigler
Assistant District Attorney General
One Public Square, Suite 300
Shelbyville, TN 37160-3953

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Jerome Patrick Lyons, was issued a speeding citation by Trooper Inman of the Tennessee Highway Patrol for traveling 81 m.p.h. in a 55 m.p.h. zone. After a preliminary hearing, he was bound over to the grand jury by the General Sessions Court. The grand jury indicted the appellant for speeding. The appellant chose to represent himself at trial. The jury found him guilty of speeding. The trial court entered judgment. The appellant appeals his conviction raising the following issues for our review:

> 1. Whether the trial court had prejudicial ex parte communications with the jurors;
>
> 2. Whether the speeding ticket was issued in violation of Tennessee's Constitution;
>
> 3. Whether the trial court was correct in refusing the appellant a trial at the General Sessions level;
>
> 4. Whether the district attorney general abused his discretion by having the appellant indicted by the grand jury; and
>
> 5. Whether the transmission of the record for appeal is complete.

This Court understands that as to pro se litigants, our criminal justice system with all of its rules appears overwhelming. With this in mind, we attempt to relax or bend the rules when confronted with pro se appeals. However, we cannot break the rules. This Court is one of review and cannot properly address the appellant's issues without a transcript or statement of the proceedings. It was incumbent upon the appellant to prepare a record that included all material necessary for disposition of his appeal. Tenn. R. App. P. 24(b) & (c); State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987). Furthermore, the appellant's issues are not supported by argument, citation to correct authorities, or appropriate references to the record. Failing to do so results in a waiver of these issues. Tenn. R. Ct. Crim. App., Rule 10(b). Accordingly, the judgment of the trial court is affirmed in accordance with Tenn. R. Ct. Crim. App., Rule 20.

-2-

_____
PAUL G. SUMMERS, Judge

CONCUR:

-3-

_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge