IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ALLEN GARY LORD             )
aka GARY ALLEN LORD,      )
                                    ) C.C.A. No. 03C01-9610-CR-00384
      Appellant,            )
                                    ) Hamilton County
V.                              )
                                    ) Hon. Douglas A. Meyer,  Judge
STATE OF TENNESSEE,      )
                                    )
      Appellee.             ) (Post-Conviction)
                                    )
                                    )

FOR THE APPELLANT:

Neal L. Thompson
615 Lindsay Street, Suite 150
Chattanooga, TN 37403

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox, III
District Attorney General

Yolanda Mitchell
Assistant District Attorney General
Courts Building, Suite 300
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Allen Gary Lord, alias Gary Allen Lord, appeals the denial of his request for post-conviction relief. The appellant was convicted in March 1993 of second degree murder and abuse of a corpse. He was sentenced to consecutive sentences of twenty-two years for murder and six years, as a career offender, for abuse of a corpse. On direct appeal this Court affirmed his convictions. In 1996, the post-conviction court denied the request for relief.

The appellant presents four issues for our review: (1) whether his attorney was ineffective during the guilt phase of his trial; (2) whether his attorney was ineffective during his sentencing hearing; (3) whether the appellant was improperly classified as a career offender because the sentencing statute is unconstitutionally vague; and (4) whether the reasonable doubt jury instruction is unconstitutional. We affirm.

In his first issue, the appellant asserts that his attorney was ineffective at the guilt phase of his trial. His argument is threefold: that his attorney failed to research the law regarding the abuse of a corpse charge, failed to show the violent past of the victim, and failed to call as a witness the police officer the victim had kidnapped.

The state argues that the appellant's attorney was not ineffective at the guilt phase of the trial. First, the state asserts that the appellant's attorney researched the law and discussed with the coroner his findings. Therefore, the state maintains that the appellant's attorney investigated the issue "to the furthest possible extent." Second, the state contends that the appellant's attorney elicited "most of the victim's past behavior and crimes through the victim's girlfriend," and also brought out that the victim had spent a substantial amount of time in prison. Finally, the state asserts that the appellant's attorney chose not to call the police officer as a witness because he did not believe that

the officer would be a favorable witness for the appellant and because he believed that the victim's girlfriend's version of the facts were more favorable to the appellant's case than the officer's version would have been.

To be granted relief on the ground of ineffective assistance of counsel, an appellant must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of his or her trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). In Tennessee, the appropriate test is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In post-conviction proceedings, petitioners bear the burden of proving their allegations by a preponderance of the evidence. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990); McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the trial court's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

Based upon the record before us, the appellant's trial attorney attempted to accomplish what the appellant now complains about in his brief. It appears that the appellant's trial attorney prepared the best defense strategy for the appellant that he could, given the facts of the case. This Court finds that the appellant has failed to carry the burden of establishing that his attorney was ineffective. The evidence does not preponderate against the post-conviction court's findings. This issue is without merit.

In his second issue, the appellant argues that his trial attorney was ineffective at the sentencing phase. He asserts that his attorney failed to introduce medical records at sentencing which would have mitigated his sentence. Before his arrest in the victim's death, the appellant on September 26, 1992 filed a complaint against police officers for shooting him. At the time, the appellant was at Erlanger Hospital for treatment of a cut on one of his fingers. He was subsequently arrested because he was intoxicated and because he was hostile toward police officers. On September 27, 1992, the appellant was taken to Moccasin Bend Mental Health Institute because of his arrest and his behavior. Five days later he left Moccasin Bend and that same day gave a statement to the police about the murder.

The state argues that the appellant's trial attorney was not ineffective at the sentencing phase. In its brief, the state asserts that appellant's trial attorney did review the medical records from Moccasin Bend; and although he did not interview the appellant's two doctors, both doctors at Moccasin Bend indicated in their reports "that Lord presented no psychosis." The appellant's trial attorney maintained that the medical records did not show a diminished capacity or support a mitigated sentence. However, the appellant contends that his trial attorney never reviewed these medical records "until the day of the Post-Conviction trial." Furthermore, the state argues that on direct appeal, this Court noted that consecutive sentencing was based on the trial court's finding that the appellant had an extensive criminal history and was a dangerous offender. Thus, the state maintains that had these medical records been introduced, consecutive sentencing would still have been warranted.

The appellant's trial attorney testified at the post-conviction hearing that the appellant's defense was self-defense, not insanity. Furthermore, this Court noted on direct appeal that consecutive sentencing was based on the appellant's criminal record and status as a dangerous offender. The appellant has failed to

carry the burden of proving that his trial attorney was deficient. This issue is without merit.

In his third issue, the appellant argues that Tenn. Code Ann. §§ 40-35-108 and 117 (1990) are unconstitutional. He contends that Tenn. Code Ann. § 40-35-108(b)(2) (1990) is "so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." Also, he challenges Tenn. Code Ann. § 40-35-117(c) (1990) as ambiguous "by inferring that all crimes committed prior to July 1, 1982, shall not be included in determining the classification of a defendant under the 1989 Sentencing Act." Therefore, the appellant's argument is that his pre-1982 convictions should not have been used to classify him as a career offender.

The state, however, argues that Tenn. Code Ann. § 40-35-108(b)(2) is clear that "[a]ll prior felony convictions including those occurring prior to November 1, 1989, are included" in calculating whether a defendant is a career offender. Furthermore, the state in its brief notes that this Court has interpreted the statute based on its clear meaning: "There appears to be no doubt that the legislature intended to permit consideration of all prior felony convictions occurring during the defendant's life." State v. Wright, 836 S.W.2d 130, 136 (Tenn. Crim. App. 1992). Therefore, the state maintains that the language in the statute is clear and that the appellant was properly classified as a career offender.

We agree with the state that the statutes challenged by the appellant clearly indicate that all felony convictions during a defendant's lifetime may be considered when deciding whether to classifiy him as a career offender. This issue is without merit.

In his final issue, the appellant argues that the term "moral certainty" in the trial court's reasonable doubt jury instruction violates the due process provision of the United States Constitution. Although the state notes that the record does not contain the trial court's reasonable doubt jury instruction, it asserts that the courts of this state have determined that the use of this term does not render the reasonable doubt jury instruction unconstitutional.

The record before us does not contain the jury instructions given at the trial. It is the appellant's responsibility to prepare a record that includes all material necessary for disposition of his appeal. Tenn. R. App. P. 24(e); see State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987). Failing to do so results in a waiver of this issue. Tenn. R. Ct. Crim. App., Rule 10(b).

Therefore, the judgment of the court denying post-conviction relief is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
J. CURWOOD WITT, JR., Judge