IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



**FILED**

**December 23, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 03-C-01-9701-CR-00039 |
| | ) | |
| | ) | Unicoi County |
| v. | ) | |
| | ) | Lynn W. Brown, Judge |
| | ) | |
| | ) | (Sentencing) |
| KEITH BANNER, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Frederick M. Lance
Attorney at Law
804 West Market Street
Johnson City, TN 37501

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

Lisa D. Rice
Assistant District Attorney General
Unicoi County Courthouse
Erwin, TN 37650

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Keith Banner[1] (defendant), was convicted of driving under the influence of alcohol, third offense, a Class A misdemeanor; driving while license revoked, third offense, a Class A misdemeanor; escape, a Class A misdemeanor; and a violation of the implied consent law following his pleas of guilty to these offenses. There was no agreement regarding the punishment to be imposed by the trial court. The trial court imposed the following sentences at the conclusion of the sentencing hearing: (a) a fine of $1,100 and confinement for eleven months and twenty-nine days at 100 percent for driving while under the influence of alcohol, third offense, (b) eleven months and twenty-nine days at 75 percent for driving while his license was revoked, third offense, (c) eleven months and twenty-nine days at 75 percent for escape, and (d) revocation of the defendant's privilege to operate a motor vehicle for six (6) months for violation of implied consent.[2] The trial court ordered all of the sentences to be served consecutively. The defendant presents two issues for review. He contends (a) the trial court failed to follow the Criminal Sentencing Reform Act of 1989 and evaluate the enhancement or mitigating factors, and (b) the trial court abused its discretion by requiring the sentences to be served consecutively. In short, the defendant contends the sentences imposed by the trial court were excessive. After a thorough review of the record, the briefs submitted by the parties, and the law governing these issues, it is this court's opinion the judgment of the trial court should be affirmed.

A presentence report was prepared, and it was considered by the trial court. The parties referred to the presentence report during the hearing. However, the presentence report was not made a part of the record transmitted to this court. A transcript of the submission hearing was apparently not memorialized as the record does not contain a transcription of this hearing. A transcript of the sentencing hearing is contained in the

---

[1]This court uses the name of the defendant alleged in the indictment. The indictment alleges the name of "Keith Banner." The face of the technical record states the defendant's name is "Edward Keith Banner." The defendant testified his name is "Edward Keith Banner." These names refer to the same person.

[2]The trial court revoked the defendant's privilege to operate a motor vehicle for ten (10) years incident to the conviction for driving while under the influence.

record.

The failure to place the presentence report in the record prevents this court from reviewing sentencing issues. State v. Wayne Eugene Boring, Knox County No. 03-C-01-9307-00244, 1994 WL 41331 (Tenn. Crim. App., Knoxville, February 9, 1994). See State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App.), per. app. denied (Tenn. 1987); State v. Ronnie Gordon, Davidson County No. 01-C-01-9507-CR-00231, 1996 WL 465518 (Tenn. Crim. App., Nashville, August 16, 1996). Also, the failure to include a transcript of the submission hearing prevents this court from reviewing sentencing issues. State v. Jennifer Ann King, Madison County No. 02-C-01-9510-CC-00327, 1996 WL 551756 (Tenn. Crim. App., Jackson, September 30, 1996); State v. Ollie G. Garrett, Shelby County No. 02-C-01-9404-CR-00057, 1994 WL 568417 (Tenn. Crim. App., Jackson, October 19, 1994). See State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Garvin Shepherd, Davidson County No. 01-C-01-9409-CC-00322, 1995 WL 256677 (Tenn. Crim. App., Nashville, May 4, 1995). The absence of these matters prevents this court from conducting a de novo review of the record pursuant to Tenn. Code Ann. § 40-35-401(d). It is important that this court have and consider all of the facts and circumstances considered by the trial court in reaching its decision.

This court has reviewed the sentencing hearing transcript to determine if the trial court abused its discretion by imposing excessive sentences. Based upon the content of the transcript, the trial court did not abuse its discretion. The appellant has a lengthy record of misdemeanor and felony convictions. He was afforded probation on two occasions and a community corrections sentence on another occasion. All three sentences were revoked due to violations committed by the defendant after being released into the community. He candidly admitted most of his adult life has been spent in jail awaiting trial or serving the sentences imposed by the trial courts. This includes being sentenced to the Department of Correction while he was a juvenile. Unfortunately, the defendant is beyond rehabilitation. His continuing to drive a motor vehicle in a highly intoxicated state after his license was revoked will eventually result in a collision and either serious bodily injury or the death of another. Thus, the trial court properly sentenced the defendant to serve the maximum sentence in each case and to serve the sentences

3

consecutively.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE



_____
CURWOOD WITT, JUDGE