IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

February 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9701-CR-00032 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| TIMOTHY LERON BROWN, | ) | (Sale of Cocaine) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Roger K. Smith
104 Woodmont Blvd., Suite 115
Nashville, TN 37205

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Lisa A. Naylor
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
        and
Katie Miller
Assistant District Attorney General
Washington Square
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Timothy Leron Brown, was convicted in 1993 upon pleas of guilty to one count of selling more than .5 grams of cocaine and two counts of selling more than twenty-six grams of cocaine, all Class B felonies. As a Range II, multiple offender, he received one twenty-year sentence and two fifteen-year sentences, with one of the fifteen-year sentences to be served consecutively to the twenty-year sentence for an effective sentence of thirty-five years. The defendant filed a post-conviction petition challenging his convictions, which resulted in the present delayed appeal. See Timothy Brown v. State, 01C01-9507-CR-00216, Davidson County (Tenn. Crim. App. July 26, 1996). In this appeal as of right, the defendant challenges the length and consecutive nature of his sentences.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) and -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the

2

potential for rehabilitation or treatment.  T.C.A. §§ 40-35-102, -103 and -210; see Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

Initially, we note that the defendant has hampered our de novo review in this case by failing to include the presentence report and other exhibits to the sentencing hearing in the record on appeal.  At the sentencing hearing, the state introduced the presentence report, the defendant's Department of Correction records, and Nashville Metropolitan Police Department records, none of which are part of the record on appeal.  The duty falls upon an appellant to prepare such a record and transcript necessary to convey a fair, accurate and complete account of what transpired relative to the issues on appeal.  T.R.A.P. 24(b).  In the absence of an appropriate record, we must presume that the trial court's determinations are correct.  See, e.g., State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988); State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

At the defendant's sentencing hearing, Mike Apuzzo, a drug task force officer, testified about some of the underlying facts of the defendant's previous convictions.  He said that in 1989 he searched the defendant's residence and found four hundred and one grams of cocaine, marijuana, drug paraphernalia, guns, and some items that had been stolen.  Officer Apuzzo said that a month later he arrested the defendant for assault and battery and driving on a suspended license and that he found thirteen grams of cocaine on the defendant's person.  Officer Apuzzo said that he again found the defendant in the possession of cocaine and marijuana while the other drug possession charges were pending against him.

The record also reflects that the defendant was arrested once while he was released on a furlough and that the defendant committed the offenses in this case

3

while he was on parole. However, without the presentence report and other exhibits to the sentencing hearing, we cannot tell whether the defendant's arrest while he was released on furlough resulted in a conviction. We are also unable to discern how many convictions the defendant has or the nature of all of his convictions.

At the conclusion of the sentencing hearing, the trial court found that the defendant had several prior arrests and prior convictions. The court noted that the defendant had prior convictions for possessing drugs, a conviction for carrying a weapon, two convictions for leaving the scene of an accident, shoplifting convictions, assorted driving convictions, and other convictions. The court found that the defendant had been involved in "all kinds of criminal conduct for the last several years" and that the defendant committed the present offenses while he was on parole.

The trial court enhanced the defendant's sentences based upon his history of criminal behavior, previous inability to comply with conditions of a sentence involving release in the community, and the fact that the defendant committed the offenses while he was on parole. See T.C.A. § 40-35-114(1), (8), and (13). The trial court ordered that one of the sentences be served consecutively to the others because it found the defendant to be a professional criminal who has devoted himself to criminal acts as a major source of his livelihood.

I

The defendant contends that the trial court improperly enhanced his sentence. He argues that the trial court erred when it considered his arrest record in finding that he had a history of criminal behavior. He also contends that the trial court should not have based its application of factor (8), regarding a previous unwillingness to comply with conditions of a sentence involving release into the community, on his commission of the crimes for which he was being sentenced.

4

Though the trial court should not have considered evidence of mere arrests as proof of criminal behavior, see State v. Newsome, 798 S.W.2d 542, 543 (Tenn. Crim. App. 1990), the extent of the trial court's reliance on the defendant's prior arrests is unclear on the record before us. The court stated, "Beginning in 1990, as far as the Presentence Report is concerned, and going back to 1986, you've had -- and I'm not saying that all of these resulted in convictions -- but you've had a number of arrests on misdemeanors and felonies." The court then listed several of the defendant's prior convictions. Application of enhancement factor (1) was appropriate based on the defendant's prior convictions.

Next, the defendant contends that the trial court erred by applying factor (8) based solely upon his commission of the offenses for which he was being sentenced. For factor (8) to apply, a defendant must have "a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." T.C.A. § 40-35-114(8). In State v. Hayes, 899 S.W. 2d 175, 186 (Tenn. Crim. App. 1995), this court recognized that the commission of an offense for which a defendant is being sentenced will not make factor (8) applicable. However, the court also noted that when a defendant is being sentenced for a series of offenses that were committed over time, the requisite previous history of noncompliance may be shown for the most recent offenses. Id.

In this vein, the trial court was justified in applying factor (8) to enhance the defendant's sentences for his most recent convictions based on his commission of the first offense. The defendant committed all three of the offenses in this case during a three-week period the first month that he was on parole.

Although we recognize that application of factor (8) to the defendant's sentence for the first offense based solely on his commission of that offense would be

improper, see Hayes, 899 S.W.2d at 186, the defendant is not entitled to relief on this ground. Without the presentence report and other sentencing hearing exhibits, we cannot determine whether the evidence presented at the sentencing hearing otherwise supports application of factor (8) to the defendant's sentence for the first offense. The presentence report and the evidence received at the sentencing hearing are essential parts of our de novo review. T.C.A. § 40-35-210; Ashby, 823 S.W.2d at 169. In the absence of an appropriate record, we must presume that the trial court's determinations are correct. See, e.g., Meeks, 779 S.W.2d at 397; Beech, 744 S.W.2d at 588.

In any event, whether factor (8) was or was not properly applied does not necessarily change the amount of sentencing enhancement that is appropriate. As this court noted in Hayes,

> it is important to note that whether both factor (8) and factor 13[(b)] apply or only one applies, the amount of sentencing enhancement involved does not necessarily change. The mere number of existing enhancement factors is not relevant -- the important consideration being the weight to be given each factor in light of its relevance to the defendant's personal circumstances and background and the circumstances surrounding his criminal conduct. See State v. Moss, 727 S.W.2d at 238. In this respect, the more negatives shown to exist in the defendant's background and the greater degree of his proven culpability in the offense may translate into the application of multiple enhancement factors, but the extent of sentencing enhancement flows from the increased personal negatives and degree of culpability, not the number of applicable factors.

899 S.W.2d at 186. The record before us supports the length of the sentences imposed by the trial court.

## II

Finally, the defendant contends that the trial court erred by ordering that two of his sentences be served consecutively to each other based, in part, on the fact that he was on parole when he committed the offenses. In ordering the consecutive sentences, the trial court stated:

6

> And as I've said, you've been absolutely and continually involved with the violations of the law for the last seven or eight years. I think [the General's] Motion that you are a professional criminal who has devoted yourself to criminal acts as a major source of your livelihood, that can't be denied. I don't know what else you would have had time to do the number of times you've been arrested. And I think No. 2 also applies, that you are an offender who has a record of criminal activity that's extensive. There can't be any doubt about that. And then there's another thing having to do in your case with your being on parole.
>
> The court is of the opinion -- I'm not going to run each and everyone of these cases consecutively, but I do think under Section 40-35-115 that -- that at least one of these sentences are to run consecutive to the other. . . .

Although the trial court noted the defendant's parole status when it imposed the consecutive sentence, it also found that the defendant was a professional criminal with an extensive record of criminal activity. See T.C.A. § 40-35-115(b)(1) and (2).

The defendant does not challenge the trial court's findings that he is a professional criminal and has an extensive record of criminal activity. Either of these findings are sufficient to warrant consecutive sentencing if the imposition of consecutive sentences are consistent with the purposes and principles of the sentencing act. See Id.; State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). Our review of the record in this case uncovers nothing that would overcome the presumption that the trial court's sentencing determinations were correct in this regard. Accordingly, the sentence imposed by the trial court is affirmed.

_____Joseph M. Tipton, Judge

7

CONCUR:

_____
John H. Peay, Judge


_____
David H. Welles, Judge

8