IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 27, 2006 Session

## STATE OF TENNESSEE v. RASHAD K. SANDERS

**Appeal from the Criminal Court for Sullivan County**
**No. S47,863    R. Jerry Beck, Judge**

_____

**No. E2005-01968-CCA-R3-CD - Filed July 14, 2006**

_____

The defendant, Rashad K. Sanders, pled guilty to one count of introduction of marijuana into a penal institution, a Class C felony. The Sullivan County Criminal Court sentenced him to a four-year sentence to be served in the Department of Correction as a Range I, standard offender. The defendant appeals, contending the trial court erred in denying him alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Frank L. Slaughter, Jr., Bristol, Tennessee (on appeal), and Michael J. LaGuardia, Kingsport, Tennessee (at trial), for the appellant, Rashad K. Sanders.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty to one count of introduction of marijuana into a penal institution and agreed to a four-year sentence with the service of his sentence to be determined by the trial court. After the sentencing hearing, the trial court denied the defendant alternative sentencing and ordered him to serve his sentence in confinement consecutively to a sentence in another case.

At the sentencing hearing on July 21, 2005, the defendant addressed the trial court and stated that he wanted to apologize to the county and the state for having to "deal with me" and "housing me." He said that he was very remorseful, that he was willing to accept responsibility for the charges, and that he wanted to get this behind him in order to take care of his children. On cross-examination, the defendant acknowledged he had not been lawfully employed since May 2001. He

denied selling cocaine to support himself and said that he had been living with his mother and his baby's mother. He acknowledged that he testified at a previous hearing that he had a severe drug problem but then denied ever using illegal drugs. He said that relative to his charges for cocaine possession, he did not possess the cocaine for personal use. He said he could not remember the name of his cocaine source. He acknowledged that when he was arrested, he had a driver's license with his picture on it that had a false address and false name, a credit card with the same false name, and a check made out to the false name. He said that he found the credit card and check on the street and that a man named "Bugsy" or "Bigsy" gave him the license.

The state did not present any witnesses but told the trial court it would rely on the presentence report. The trial court denied alternative sentencing and ordered the defendant to serve his sentence in confinement. The trial court first considered the defendant's remorse and the defendant's completion of high school and courses at East Tennessee State University. The trial court found that

> [The defendant] began accumulating an almost continual record of some type of offenses at about age 21 and built, as set out in the Presentence Report, up until today, three pages of prior convictions, some very serious offenses, some not so serious offenses, and . . . he has a terrible record for his age, at age 25, just to be arrested that many times. Most of which, if not all, occurred . . . resulted in convictions.

> He's presently serving a nine year sentence that arose out of this same general time period. Social history is not good. He's not worked. He says he's not addicted to cocaine but he has a lot of cocaine offenses. All indications from his prior convictions, he was a dealer in drugs. . . .

> . . . I don't know what happened to your life, but you've built such a record here that I couldn't put you on probation on this case. Your record is bad. Your social history, after you became an adult or more adult, I guess it looks like your life just fell apart and just continually in trouble.

> . . . .

> . . . Also one further thing, I did consider the potentiality of community corrections, but I don't think that would be successful in light of his prior record and prior difficulties; he had prior failures.

On appeal, the defendant claims the trial court erred in denying him alternative sentencing. Specifically, he claims his sentence was not in compliance with the Tennessee Criminal Sentencing

Act of 1989. He contends the trial court should have applied mitigating factor (1), that his conduct neither caused nor threatened serious bodily injury. See T.C.A. § 40-35-113(1). He asserts that no presentence report was completed in this case and that the case should be remanded for a report to be completed.

The state contends that the trial court properly denied alternative sentencing and probation. The state contends that it presented sufficient evidence to rebut the presumption of probation or alternative sentencing. The state asserts the defendant has a long history of criminal convictions and has failed to adhere to conditions of release in the past. The state asserts the defendant did not present any proof at the sentencing hearing or in his brief supporting the application of mitigating factor (1). The state argues that bringing contraband into a penal institution threatens the safety of the guards, employees, and prisoners of the institution.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2003).[1] However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d) (2003), Sentencing Commission Comments. This means if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); see Ashby, 823 S.W.2d at 168.

When a defendant is an especially mitigated or standard offender convicted of a Class C, D, or E felony, the defendant is presumed to be a favorable candidate for alternative sentencing. T.C.A. § 40-35-102(6) (2003). However, this presumption may be rebutted upon a showing that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been

---

[1] We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102, -210, and -401. See 2005 Tenn. Pub. Acts ch. 353 §§ 1, 6, 8. However, the amended coded sections are inapplicable to the defendant's appeal.

applied unsuccessfully to the defendant. <u>Ashby</u>, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5) (2003); <u>State v. Boston</u>, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); <u>Boston</u>, 938 S.W.2d at 438.

The defendant is incorrect in asserting that no presentence report was completed in his case. The record from the sentencing hearing reflects that the trial court referred to the report and read from the report and that both the trial court and state heavily relied on the presentence report. However, the presentence report was not introduced as an exhibit at the hearing and was not included in the record on appeal. It is incumbent upon the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired relative to the issues on appeal. T.R.A.P. 24(b). In the absence of an appropriate record, we must presume that the trial court's determinations are correct. <u>See, e.g.</u>, <u>State v. Meeks</u>, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988); <u>State v. Beech</u>, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

The trial court acknowledged the defendant's remorse and educational history. However, it found that the defendant had "three pages of prior convictions, some very serious offenses" and that the defendant had a poor social history. The trial court found that "the unfavorable factors outweigh any favorable factors that might exist" and that the defendant would not be successful on community corrections. The defendant admitted he had not been lawfully employed since May 2001. Additionally, the record is devoid of any facts surrounding the conviction or any proof that the offense did not threaten or cause serious bodily injury. We conclude the trial court did not err in denying the defendant alternative sentencing and ordering the defendant to serve his sentence in confinement. The defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE