IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2006

## STATE OF TENNESSEE v. FRANK RAMSEY

**Appeal from the Criminal Court for Sullivan County**
**No. S49,675     R. Jerry Beck, Judge**

**No. E2005-02595-CCA-R3-CD - Filed September 28, 2006**

The Appellant, Frank Ramsey, appeals the sentencing decision of the Sullivan County Criminal Court following his guilty plea to the crime of initiating a false report in violation of Tennessee Code Annotated section 39-16-502(a)(1)(c).  Pursuant to the plea agreement, he was sentenced as a Range II multiple offender to a sentence of four years with the manner of service of the sentence to be determined by the trial court.  On appeal, the Appellant argues that the trial court erred by denying his request for alternative sentencing.  After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, for the Appellant, Frank Ramsey.

Paul G. Summers, Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Rebecca H. Davenport, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On October 13, 2004, a Sullivan County grand jury returned a one-count indictment against the Appellant charging him with the offense of initiating a false report, a Class D felony. Subsequently, the Appellant entered into a plea agreement with the State whereby he pled guilty to the indicted charge.  The terms of the plea agreement provided that the Appellant would plead guilty, as a Range II multiple offender, and receive a sentence of four years, the minimum sentence within

the range, with the trial court determining the manner of service. At the guilty plea hearing, the State summarized the facts underlying the conviction as follows:

> On June 8th, 2004, the [Appellant], . . . telephoned the Sullivan County Sheriff's Department to say that his 1994 Honda Civic had been taken without his permission by Kim McCoy, who had been staying with him previously at 2677 Highway 11-W in Bristol, Tennessee, which is located in Sullivan County.
>
> Officer Robert Bowen was sent to the scene. He spoke with [the Appellant]. He took a written report, which [the Appellant] signed, stating that Ms. McCoy had taken the vehicle. He gave a full description of the vehicle and said that she did not have permission to take the automobile.
>
> Detective Landon Bellamy was following up on the report. Some things occurred which made him question whether or not the automobile was indeed stolen. He spoke with [the Appellant], and [the Appellant] said that he had reported the vehicle missing, because Ms. McCoy had his license plate and wouldn't give it back and that prior to . . . about a week prior to signing the report, he had indeed signed the vehicle over to her, and she, obviously, then, had permission to have the vehicle.

Following a sentencing hearing, the trial court denied the Appellant's request for alternative sentencing and ordered the four-year sentence be served in the Department of Correction. This appeal followed.

**Analysis**

On appeal, the Appellant raises the single issue of whether the trial court erred by denying his request for probation or community corrections and imposing a sentence of confinement. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. T.C.A. § 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168. The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d).

A defendant convicted of a Class C, D, or E felony and sentenced as a mitigated or standard offender is presumed to be a favorable candidate "for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6). In the case before us, however, the Appellant pled guilty to a Class D felony as a Range II multiple offender. Thus, he is not presumed to be a favorable candidate for alternative sentencing. Nonetheless, because the Appellant was sentenced to a term of less than eight years incarceration,[1] he was eligible for a sentence of probation. T.C.A. § 40-35-303(a) (2003). However, the Appellant bears the burden of establishing his suitability for a suspended sentence. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). In determining the Appellant's suitability for non-incarcerative sentencing alternatives, including probation and community corrections, this court considers whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). The trial court may also consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

In imposing a sentence of incarceration, the trial court made the following findings of fact:

> The [Appellant] is age 43. He has a . . . well, he has a terrible record, including felonies. Some of his misdemeanor record such as speeding, that type of thing, failure to stop for red light, I do not believe to be significant. Collectively, it may be worth some weight as to deny him probation, but I'm more concerned . . . the Court is more concerned about the felonies and he's had a fairly consistent run of felonies. He lives with a person by the name of Kim. He . . . out of a jealous rage or out of maliciousness or for some reason, when she left with another man in a car, he reported it to the police as stolen. Now, when you do that, what you do, you make the police, your . . . although unknowingly, you make your police officers unknowing aiders and abettors to the crime. Not in a legal sense, but you garnish the power of

---

[1] A defendant who is sentenced for a crime committed after June 7, 2005, is eligible for probation if the sentence is ten years or less. *See* T.C.A. § 40-35-303(a).

the State to put another person in prison with a lie, and [the Appellant] should appreciate that more than anyone, having served hard time. It's probably the nightmare of every police officer. It is certainly the nightmare of every District Attorney I've ever know[n] was that you might put somebody in the wrong . . . in prison wrongfully, and when these types of reports start coming out, people could be arrested in West Virginia or somewhere, held in custody, extradited back to this State, and it becomes just a plain old swearing match before a Jury, whose truth . . . who is telling the truth and who is lying. It didn't happen in this case. It could have happened. Probation will be denied in all forms and kind. The sentence is . . . [f]our years, Range 2.

From a reading of the court's findings, it is clear that the court denied alternative sentencing based upon the Appellant's extensive criminal history and the need to avoid depreciating the seriousness of the offense. On appeal, the Appellant asserts that it "is apparent that the Appellant should have been granted alternative sentencing . . . [because] [c]onfinement of this Appellant is not necessary to protect society . . . , confinement was not necessary to avoid depreciating the seriousness of this offense nor is it particularly well suited to provide an effective deterrent to others likely to commit a similar offense." He specifically asserts that the trial court failed to articulate any finding of deterrence in denying alternative sentencing, failed to analyze the need for deterrence in light of the factors set forth in *State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000), and, further, that the record is devoid of any evidence regarding deterrence.

Initially, we are constrained to note that although a presentence report was prepared and considered by the trial court in determining the appropriate manner of service of the sentence in this case, the presentence report is not part of the record before us. We note that the Appellant references such report in his brief and states that it can be found in Volume III, pages 5-8. However, as noted, no Volume III is contained in the record before us. It is well-settled that it is the duty of the Appellant to provide a record that conveys a fair, accurate, and complete account of what transpired with regard to the issue that forms the basis of the appeal. Tenn. R. App. P. 24(b). When the record on appeal consists of less than all of the actions occurring in the trial court that were relevant to an issue raised by an appealing party, we presume that the trial court's factual findings are supported by the full record and are, therefore, correct. *State v. Beech*, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987). Thus, we must presume that there was sufficient evidence of the Appellant's previous convictions to warrant the trial court's findings. Moreover, in the context of the standard of appellate review of sentencing decisions being *de novo* review of the record with the presumption that the trial court's determinations are correct, a full record of what occurred in the trial court that is relevant to sentencing is essential to our inquiry. *See, e.g., State v. Meeks*, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988). Our review of the record on appeal uncovers nothing that would overcome the presumption that the trial court's sentencing determinations were correct.[2] Because the Appellant

---

[2]Included in the "Technical Record" is the State's Notice of Intent to use Criminal History and Evidence of Prior Bad Acts which reflects convictions for aggravated assault, petit larceny, entering with unlawful intent, aggravated

(continued...)

has failed to establish that the trial court erred in denying him an alternative sentence, the judgment of the trial court is affirmed.

## CONCLUSION

Based upon the foregoing, the Sullivan County Criminal Court's denial of alternative sentencing is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[2](...continued)
burglary, burglary of a motor vehicle with intent to commit theft, first degree criminal trespass, possession of a firearm by a convicted felon, and felony escape. These felony convictions occurred in the federal courts and the state courts of Tennessee, Oklahoma, Kansas, Texas, and Colorado. The Appellant acknowledged that he has served extended terms in the penitentiary. Moreover, the Appellant admitted that he has violated the conditions of probation of a previously imposed sentence, resulting in revocation of the suspended sentence.