## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### OCTOBER 1996 SESSION



FILED

**March 24, 2008**

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9510-CR-00296 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Joseph B. Dailey, Judge |
| | ) |
| **DARREN CAMPBELL,** | ) (First Degree Murder; Attempted |
| | )   Second Degree Murder) |
| Appellant. | ) |

FOR THE APPELLANT:

Brett B. Stein
Attorney at Law
100 N. Main, Suite 3102
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General

Mary Anne Queen
Legal Assistant
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General

John Campbell
Asst. Dist. Attorney General
201 Poplar, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Darren Campbell, was convicted by a jury of first degree murder. This Court reduced his conviction to second degree murder and remanded to the trial court for sentencing.[1] The appellant was sentenced as a Range I offender to 23 years incarceration. His sole issue on appeal is whether his sentence was excessive. We affirm the trial court's judgment.

The appellant and three men were consuming alcoholic beverages at a rooming house. The appellant and one of the men drove to a local restaurant and picked up some chicken. When the appellant and the man returned with the chicken, the man refused to share his chicken with the appellant. The appellant got irate and left the room. Approximately four minutes later, the appellant returned with a gun. He approached the man with the chicken and asked, "What's up with the chicken?" Apparently, the man's response was unfavorable, so the appellant shot him. The man died of gunshot wounds to the head and chest. Another victim was shot but lived. The third person fled for his life.

The appellant argues that the trial judge abused his discretion in assessing the weight to be afforded each enhancing and mitigating factor. It was incumbent upon the appellant to prepare a record that included all materials necessary for disposition on appeal. See State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987) (holding "in the absence of an adequate record we must presume that the trial court's ruling was adequately supported by the evidence."). The appellant's presentence report is not a part of the record before us.

Upon conducting a de novo review, we find five enhancement factors applicable: (1) the appellant has a previous history of criminal activity, Tenn. Code Ann. § 40-35-114(1); (2) the offense involved more than one victim, Tenn. Code Ann. § 40-35-114(3); (3) the appellant possessed and employed a firearm

_____

[1]At trial, the appellant attempted to establish an insanity defense. The defense was not accepted. The appellate court, however, found that due to the appellant's mental health, the proof was insufficient to establish deliberation. "We are not comfortable . . . that the defendant reflected about his decision to kill, since his troubled mind may never have been free from the influence of excitement or passion." State v. Campbell, No. 02-C-01-9207-CR-00150, slip op. at 10 (Tenn. Crim. App. Feb. 23, 1996).

during the commission of the offense, Tenn. Code Ann. § 40-35-114(9); (4) the appellant had no hesitation about committing a crime when the risk to human life was high, Tenn. Code Ann. § 40-35-114(10); and (5) the crime was committed under circumstances under which the potential for bodily injury to a victim was great, Tenn. Code Ann. § 40-35-114(16).[2] We find one mitigating factor applicable: the appellant possessed a lack of substantial judgment or inability to appreciate the nature of his conduct. Tenn. Code Ann. § 40-35-113(6).

The appellant is a Range I standard offender. He has been convicted of a Class A felony. His sentence range is 15 to 25 years. In accordance with the principles of sentencing, we are to begin at the minimum range sentence. We increase for each enhancement factor and then reduce for each mitigating factor. The weight afforded each factor is derived from balancing the relative degree of culpability within the totality of the circumstances. State v. Bilbrey, 816 S.W.2d 71 (Tenn. Crim. App. 1991).

The appellant's sentence is increased by five enhancement factors. Although we find application of one mitigating factor, the weight afforded that factor is minimal as the appellant's mental maladies were previously considered in reducing his conviction from first degree murder to second degree murder. See State v. Martin, No. 03C01-9412-CR-00448 (Tenn. Crim. App. April 1, 1996) (holding although double mitigation not prohibited by statute, whether to double mitigate is within sentencing court's discretion). Accordingly, the appellant's sentence set at 23 years is appropriate. We affirm the trial court.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

[2]Although elements of the indicted offense, factors (10), and (16) may be applicable if the facts demonstrate a culpability distinct from and appreciably greater than that incident to the convicted offense. State v. Jones, 883 S.W.2d 596 (Tenn. 1994). Separate and distinct culpability may arise when individuals other than the victim are present and subject to peril. See State v. Makoka, 885 S.W.2d 366, 373 (Tenn. Crim. App. 1994) (holding factor (10) applicable when other possible victims are present). The record reveals that others were present in the rooming house.

_____
JOHN H. PEAY, Judge


_____
DAVID G. HAYES, Judge