IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2015

**STATE OF TENNESSEE v. SCOTT EDWARD ROBINS**

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14-CR-43     Lee Russell, Judge**

---

**No. M2014-02372-CCA-R3-CD – Filed October 23, 2015**

---

The Appellant, Scott Edward Robins, pled guilty in the Marshall County Circuit Court to the initiation of a process intended to result in the manufacture of methamphetamine. The trial court sentenced the Appellant to eleven years in the Tennessee Department of Correction.  On appeal, the Appellant challenges the trial court's denial of alternative sentencing.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Donna Orr Hargrove, District Public Defender, and William J. Harold and Michael Collins, Assistant District Public Defenders, for the Appellant, Scott Edward Robins.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Robert James Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On June 18, 2014, the Marshall County Grand Jury returned a multi-count indictment, charging the Appellant with the initiation of a process intended to result in the manufacture of methamphetamine; possession of unlawful drug paraphernalia; possession of less than .5 grams of methamphetamine with the intent to sell; possession of less than .5 grams of methamphetamine with the intent to deliver; possession of less

than 1/2 ounce of marijuana; possession of tramadol, a Schedule IV controlled substance; and possession of sertraline hydrochloride, a legend drug, without a prescription.

On September 12, 2014, the Appellant pled guilty to the initiation of a process intended to result in the manufacture of methamphetamine, a Class B felony, and the remaining charges were dismissed. The plea agreement provided that the trial court would determine the Appellant's sentence.

As a factual basis for the plea, the State said that the Appellant and a woman rented a campsite in Henry Horton Park. On April 22, 1014, the rent for the campsite had not been paid, and a park ranger was sent to the site to remove the Appellant's belongings. When the park ranger arrived, he found "all of the fixings" to manufacture methamphetamine, including filters covered with residue. The ranger called officers from the Chapel Hill Police Department, who were more experienced with methamphetamine, and they came to the scene and confirmed his conclusions. At that point, the officers were notified that the Appellant and the woman "had just come to pay" and were returning to the campsite. The officers had a lengthy conversation with the Appellant, during which he admitted that he had cooked methamphetamine and described the process. The officers searched the Appellant's car and found pseudoephedrine.

After the State's recitation of facts, the trial court asked the Appellant's age, and the Appellant responded that he was thirty-eight years old. The court asked if the Appellant used methamphetamine, and the Appellant stated that he began using the drug approximately five years earlier and that he had used it "heavily" during the past year.

At the sentencing hearing, the State advised the court that the Appellant had two convictions in Tennessee for the sale of marijuana and two out-of-state theft convictions. The State noted that the Appellant was a standard, Range I offender. The State said that the presentence report reflected that the Appellant had violated probation in the past, that he had fourteen misdemeanor convictions, two felony convictions, and two out-of-state theft convictions. The report also reflected that the Appellant was fired a couple of months before his conviction and that the employer would not rehire him. The State further noted, and defense counsel conceded, that the Appellant was on bond for charges pending in Williamson County when the instant offense was committed.

Defense counsel maintained that the Appellant had a life-long problem with drugs and asked the court to order split confinement to give the Appellant an opportunity to obtain long-term treatment. Defense counsel observed that some of the Appellant's prior felony convictions occurred when he was seventeen or eighteen years old, "half a lifetime ago." Further, defense counsel argued that almost all of the Appellant's misdemeanor convictions were drug or alcohol related. Defense counsel contended that the Appellant had a good work history and that he lost his job due to his drug use.

The court noted that as a standard, Range I offender convicted of a Class B felony, the Appellant was subject to a sentence of eight to twelve years. The court applied enhancement factor (1), that the Appellant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). The court also applied enhancement factor (13)(A), that the Appellant was on bond at the time the instant offense was committed. The court found no mitigating factors and imposed a sentence of eleven years. Tenn. Code Ann. § 40-35-114(13)(A).

Regarding alternative sentencing, the court found that the Appellant's likelihood for rehabilitation was poor and that he would likely reoffend if not in confinement.

On appeal, the Appellant challenges the trial court's denial of alternative sentencing.

## II. Analysis

Appellate review of the length, range, or manner of service of a sentence imposed by the trial court are to be reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see also State v. Pollard, 432 S.W.3d 851, 859 (Tenn. 2013) (applying the standard to consecutive sentencing); State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the standard to alternative sentencing). In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

Initially, the State argues that the Appellant has waived the issue because he failed to include the presentence report in the appellate record. It is the Appellant's duty to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. Tenn. R. App. P. 24(a). Ordinarily, the presentence report is a necessary part of this court's review without which we must presume that the sentences imposed are correct. See State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987). However,

we have determined that the record is adequate for appellate review of the sentence. See Caudle, 388 S.W.3d at 279.

The Appellant argues that the weight the trial court gave the various enhancement factors did not comply with the purposes and principles of the sentencing act. We disagree. The trial court's imposition of sentence was consistent with the purposes and principles of the Sentencing Act; accordingly, the sentence is presumptively correct, and we cannot reweigh the enhancing and mitigating factors. See State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008).

In contesting the denial of alternative sentencing, the Appellant "contends the punishment imposed does not fit the crime or the offender." However, the Appellant was convicted of a Class B felony; therefore, he is not considered to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). Further, the Appellant received a sentence of eleven years, making him ineligible for probation. See Tenn. Code Ann. § 40-35-303(a). Therefore, the trial court did not err in denying the Appellant a probationary sentence.

The record reflects that the Appellant has an extensive criminal history and that he had violated probation on more than one occasion in the past. Moreover, despite receiving probation, he has continued to violate the law, demonstrating a lack of rehabilitative potential. We conclude that the record does not preponderate against the trial court's finding that the appellant was not an appropriate candidate for alternative sentencing.

### III.  Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE

- 4 -