**STATE of Tennessee, Appellee,**

v.

**Terry L. FERGUSON,
Defendant-Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Aug. 21, 1987.

Permission to Appeal Denied by
Supreme Court Nov. 9, 1987.

**126**

Sumter Camp, Rick Kaiser, Asst. Public Defenders, Ross E. Alderman, Sr. Asst. Public Defender, for defendant-appellant.

Thomas H. Shriver, Dist. Atty. Gen., John Zimmerman, Asst. Dist. Atty. Gen., W.J. Michael Cody, Atty. Gen., Norma Crippen Ballard, Asst. Atty. Gen., for appellee.

## OPINION

WILLIAM S. RUSSELL, Special Judge.

Appellant Terry Ferguson appeals from his conviction for an assault with the intent to commit murder and two counts of armed robbery, resulting in three concurrent sentences of twenty-two and one-half years. Two issues are presented for this court's review:

(1) Did the trial court err in denying defendant's motion to suppress the identification of defendant Ferguson by victim Dill?

(2) Did the trial court err in admitting into evidence a coat and hat belonging to defendant Ferguson over the defendant's objection to the chain of custody?

For the reasons hereinafter set out we find no error and affirm the convictions.

The first issue arises out of a show-up conducted after the crimes were committed. The appellant contends that the one-on-one confrontation was unduly suggestive and consequently tainted the victim's in-court identification.

■ The learned trial judge was obviously aware of the principles developed by the United States Supreme Court for guidance in dealing with a possibly impermissibly suggestive pre-trial identification procedure. Under the teachings of *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), a determination must initially be made concerning whether the pre-trial identification procedure was unreasonably suggestive. To reach the level of unconstitutionality, the procedure complained of must have been conducted in such an impermissibly suggestive manner that it created a substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

In this case the defendant was taken to the hospital where the victim-witness, Mr. Dill, had been taken for treatment, and a show-up conducted an hour to an hour and a half after the assault-robbery. The trial judge held that there were no "imperative circumstances" to support the show-up at the hospital, and that the show-up was unnecessary and suggestive. However, the trial judge found the identification to be reliable, citing *Manson v. Brathwaite, supra,* saying that reliability, not suggestiveness, is the linchpin in determining the admissibility of identification testimony.

If the court can find, as it did here, that despite a suggestive identification procedure the identification of the defendant was based on the victim's observations at the time of the assault and not at all induced by the conduct of the identification procedures, then the witness may testify to the identification. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

■ The *Neil v. Biggers, supra,* testing factors, which were also articulated by the Tennessee Supreme Court in *Forbes v. State*, 559 S.W.2d 318 (Tenn.1977), are:

(1) The opportunity of the witness to view the criminal at the time of the crime,

(2) The witness' degree of attention,

(3) The accuracy of the witness' prior description of the criminal,

(4) The level of certainty demonstrated by the witness at the confrontation,

(5) The time between the crime and the confrontation.

 Here, the victim had ample opportunity to observe the defendant during the commission of the offenses, provided a description that even included his clothing, and displayed no hesitation in identifying the defendant approximately an hour after the offenses.

We hold that the trial court properly allowed the introduction of this eye-witness identification evidence.

As to the other issue, the defendant contends that the trial court erred in admitting into evidence the defendant's coat and hat, saying that the State failed to establish a sufficient chain of custody for the items to validate their introduction into evidence.

Witnesses identified the jacket and cap presented in court as those worn by the defendant. The contention that these in-court identifications were insufficient because "there is nothing in the record to indicate that they were not merely identifying those items because those were the items proffered to them at trial" is an untenable argument as to admissibility.

▪ Tangible evidence may properly be introduced either when identified by a witness or by the presentation of an unbroken chain of custody. *Bolen v. State*, 544 S.W.2d 918, (Tenn.Crim.App.1976). As to chain of custody, apparently it was broken only by the taking of the items from marked plastic bags in open court by the State's attorney before the officer witness was present. He later identified the marked plastic bags and found the clothing items to apparently be the ones placed therein. This satisfied the trial judge, and we find no error. The identity of tangible evidence need not be proved beyond all possibility of doubt and all possibility of tampering need not be excluded; the circumstances must only show with reasonable assurance the identity of the evidence. *Ritter v. State*, 3 Tenn.Crim.App. 372, 462 S.W.2d 247 (1970). We are satisfied that no error was made in this case. The discretionary determination of the trial judge was certainly not a clear mistake, which is necessary for there to be error. *Wade v.*

*State*, 529 S.W.2d 739 (Tenn.Crim.App. 1975).

The judgments are affirmed.

SCOTT, P.J., and JONES, J., concur.