IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 16, 2001 Session

## STATE OF TENNESSEE v. MICHAEL JOSEPH ARBUCKLE

**Appeal from the Criminal Court for Sumner County**
**No. 325-1999     Jane Wheatcraft, Judge**

---

**No. M2000-02885-CCA-R3-CD - Filed December 5, 2001**

---

A Sumner County jury convicted the Defendant, Michael Joseph Arbuckle, of one count of driving under the influence, one count of driving under the influence, per se, and one count of driving under the influence, second offense. Following a sentencing hearing, the trial court merged the convictions and sentenced the Defendant to eleven months and twenty-nine days, with all but sixty days suspended. In this appeal, the Defendant contends that the trial court erred in (1) denying his motion to suppress the results of a blood alcohol test, (2) admitting the blood alcohol test results despite incomplete evidence of the chain of custody, (3) admitting the blood alcohol test results despite a lack of relevance, and (4) finding that sufficient evidence existed for a reasonable jury to find the Defendant guilty. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Mark C. Scruggs, Nashville, Tennessee, for the appellant, Michael Joseph Arbuckle.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Lytle Anthony James, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

At 3:30 a.m. on December 15, 1998, Sumner County Sheriff's Deputies Tully Birdwell and Aaron Pickard noticed a broken tail light on a car driven by the Defendant, Michael Joseph Arbuckle. The officers initiated a traffic stop in order to inform the Defendant of his broken tail light. After approaching the vehicle, the officers noticed that the Defendant was slurring his speech and smelled strongly of alcohol. The Defendant stated that he had one beer approximately an hour before the officers stopped him. Deputy Birdwell asked the Defendant to exit the car in order to

perform field sobriety tests. After the tests, Deputy Birdwell and Deputy Pickard concluded that the Defendant was intoxicated and placed him under arrest for driving under the influence.

The Defendant agreed to take a blood alcohol test, which was administered at Sumner Regional Medical Center approximately one hour and fifteen minutes after the initial traffic stop. The test revealed a blood alcohol content of .14%.

## REASONABLE GROUNDS

First, the Defendant contends that the trial court erred in denying his motion to suppress because the officers did not have reasonable grounds to believe that the Defendant was driving under the influence; therefore, the officers were precluded from requesting that he take a blood alcohol test. Due to the Defendant's failure to provide an adequate record for our review of this issue, we must affirm the ruling of the trial court.

When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. See State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Ballard, 855 S.W.2d 557, 561 (Tenn. 1993) (holding failure to include transcript precludes appellate review); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. See State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. See Tenn. R. App. P. 24(b).

In the present case, the trial court's Order Denying the Motion to Suppress clearly incorporates the findings made on the record during the hearing on the motion. However, the Defendant has failed to provide these findings for our review. Curiously, the Defendant has provided only the testimony of Deputy Birdwell in the transcript of the hearing contained in the record. The transcript is referred to as "Excerpt From the Transcript of the Proceedings," and includes only the testimony of Deputy Birdwell.

Regardless of the reason for the apparent omission, without a proper record for our review, we must presume that the findings of the trial court are correct. See Oody, 823 S.W.2d at 559. However, even a cursory review of the incomplete record before us reveals that Deputy Birdwell detected a strong odor of alcohol, slurred speech, and confusion on the part of the Defendant after initiating a traffic stop. During the trial of this matter the State presented the testimony of Deputy Pickard who, through his observations of the Defendant during the traffic stop, also concluded that the Defendant was intoxicated. When reviewing a trial court's ruling on a motion to suppress, an appellate court may also consider the evidence presented during the subsequent trial. See State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998); State v. Johnson, 988 S.W.2d 414, 421 (Tenn. Crim. App. 1998).

The Defendant has failed to properly preserve this issue for appeal, and we must therefore affirm the ruling of the trial court.

## CHAIN OF CUSTODY

Next, the Defendant contends that the trial court improperly admitted the results of the blood alcohol test despite the incomplete chain of custody of the blood sample. The Defendant asserts that the blood sample's chain of custody was incomplete without the testimony of the hospital employee who drew the blood from the Defendant and the Tennessee Bureau of Investigation employee who received the sample at the T.B.I. crime laboratory.

It is well-established that as a condition precedent to the introduction of tangible evidence, a witness must be able to identify the evidence or establish an unbroken chain of custody. See State v. Goodman, 643 S.W.2d 375, 381 (Tenn. Crim. App. 1982). However, the failure to call all of the witnesses who handled the evidence does not necessarily preclude its admission into evidence. See State v. Johnson, 673 S.W.2d 877, 881 (Tenn. Crim. App. 1984). While the State is not required to establish facts which exclude every possibility of tampering, the circumstances established must reasonably assure the identity of the evidence and its integrity. See State v. Ferguson, 741 S.W.2d 125, 127 (Tenn. Crim. App. 1987). This issue addresses itself to the sound discretion of the trial court, and the court's determination will not be disturbed in the absence of a clearly mistaken exercise of such discretion. See State v. Beech, 744 S.W.2d 585, 587 (Tenn. Crim. App. 1987).

Deputy Birdwell testified that he observed the Defendant's blood being drawn by a hospital attendant, took the sample from the attendant, and sealed the sample in a protective box. Deputy Birdwell then placed the box in the Police Department's evidence locker to be mailed to the T.B.I. crime laboratory. Deputy Pickard also testified that he was present when the Defendant's blood was drawn, and he observed Deputy Birdwell place the blood sample in a protective box and seal the box. Agent Harrison of the T.B.I. testified regarding the procedure for receiving and documenting blood samples and stated that any irregularities in the shipping or receiving of the sample would have been noted on the Request Form and Alcohol Report that was admitted into evidence. There is no evidence of tampering, loss, substitution, mistake, or any other irregularities concerning the Defendant's blood sample.

The trial court did not err or abuse its discretion in admitting the results of the blood sample because the State established the identity and integrity of the evidence through a sufficient chain of custody. This issue is without merit.

## RELEVANCY OF BLOOD ALCOHOL TEST RESULTS

The Defendant also challenges the relevancy of the blood alcohol test results. The Defendant asserts that because the blood was drawn more than an hour after the Defendant was stopped by police, the alcohol content of his blood at the time the blood was drawn has no relevance in considering whether he was intoxicated at the time of the traffic stop. The Defendant contends that the State is required to produce evidence that would show that, at the time the Defendant was driving his car, he was under the influence of alcohol or had a blood alcohol content of above .10%.

The Defendant did not contest the relevance of the blood alcohol test during his trial. The failure to take available action to prevent or nullify an alleged error waives the issue. See Tenn. R. App. P. 36(a). Thus, by failing to make a contemporaneous objection to the relevancy of the blood alcohol test results, the Defendant waived the issue. See Tenn. R. Evid. 103(a)(1); State v. Rhoden, 739 S.W.2d 6, 11 (Tenn. Crim. App. 1987).

**SUFFICIENCY**

Finally, the Defendant contends that the evidence presented by the State at trial was insufficient to support a finding of guilt beyond a reasonable doubt. We must respectfully disagree and affirm the judgment of the trial court.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

After stopping the Defendant for operating a vehicle with a broken tail light, Deputies Birdwell and Pickard observed a strong odor of alcohol and noticed that the Defendant's speech was slurred. Both officers stated that the Defendant was confused about where he was and where he was going. After conducting field sobriety tests, Deputy Birdwell determined that the Defendant was intoxicated and asked him to submit to a blood alcohol content test. The Defendant consented and the test revealed a blood alcohol content of .14%. Deputy Pickard also testified that, based upon his observation of the Defendant, he believed the Defendant to be intoxicated.

Based on the above facts, we find sufficient evidence to support the jury finding the Defendant guilty beyond a reasonable doubt of driving under the influence, driving under the influence, per se, and driving under the influence, second offense. The judgment of the trial court is affirmed.

**CONCLUSION**

Accordingly, for the foregoing reasons, we AFFIRM the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE