# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1998 SESSION

FILED

December 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9802-CC-00046** |
| Appellee, | ) | |
| | ) | **FAYETTE COUNTY** |
| VS. | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **JAMES H. WALKER,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Forgery Less Than Five-Hundred Hundred Dollars) |

FOR THE APPELLANT:

FOR THE APPELLEE:

**C. MICHAEL ROBBINS**
46 North Third St., Suite 719
Memphis, TN 38103
        (On Appeal)

**GARY ANTRICAN**
Public Defender

**RICKEY GRIGGS**
Asst. District Public Defender
P.O. Box 700
Somerville, TN 38068
        (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Counsel for the State
425 Fifth Ave. North
Nashville, TN 37243-0493

**ELIZABETH RICE**
District Attorney General

**MARK DAVIDSON**
        and
**TRACEY BREWER**
Asst. District Attorney General
302 Market St.
Somerville, TN 38068

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

On December 2, 1997, the defendant was found guilty, by a jury, of forgery in an amount less than five-hundred dollars ($500). The defendant was subsequently sentenced to four years in the Tennessee Department of Correction as a Range II multiple offender. In this appeal as of right, the defendant argues that the trial court erred in overruling his motion for a new trial. The motion alleged that the trial court erred by allowing certain exhibits into evidence and that the evidence at trial was insufficient to establish his guilt beyond a reasonable doubt.

After a review of the record and applicable law, we find no merit to the defendant's contentions. As such, we affirm the judgment of the court below.

The defendant's conviction stemmed from his involvement in an attempt to cash a check belonging to Ambrose Mosby. Mr. Mosby noticed his checks were missing in November of 1996 when he returned home after helping a woman pull her truck out of a ditch. Mr. Mosby had not given anyone permission to use his checks and he was the only authorized name on the account. On May 12, 1997, the defendant went into a bank and later a grocery store in an attempt to cash a check belonging to Mr. Mosby. The check was a personal check written in the amount of three-hundred dollars ($300) and signed in the name of Ambrose Mosby. When a clerk at the grocery store became suspicious of the defendant, she called the police and the defendant and his partner were apprehended as they drove away from the store.

The defendant first contends that the trial court erred in allowing into evidence a check belonging to Mr. Mosby that was found in the wallet of the defendant's partner. In his appellate brief, the defendant argues that the State failed to lay a foundation upon which this exhibit could be admitted into evidence because the

2

authenticity of the physical evidence, i.e., the check, was not established. However, at trial the defendant objected to the admissibility of this check on the grounds of unfair prejudice and relevance.

It is a well-established rule that "a defendant may not object to the introduction of evidence on one ground, abandon this ground, and assert a new basis or ground for the objection in this Court." State v. Aucoin, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988); see also State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993); State v. Dobbins, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988). As such, this issue is waived. See State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993); Aucoin, 756 S.W.2d at 641.

Absent waiver, this issue is still without merit. As a condition precedent to the introduction of tangible evidence, a witness must be able to identify the evidence or establish an unbroken chain of custody. State v. Goodman, 643 S.W.2d 375, 381 (Tenn. Crim. App. 1982). While the State is not required to establish facts which exclude every possibility of tampering, the circumstances established must reasonably assure the identity of the evidence and its integrity. State v. Ferguson, 741 S.W.2d 125, 127 (Tenn. Crim. App. 1987). This issue addresses itself to the sound discretion of the trial court, and the court's determination will not be disturbed in the absence of a clearly mistaken exercise of such discretion. State v. Beech, 744 S.W.2d 585, 587 (Tenn. Crim. App. 1987).

Tennessee Rule of Evidence 901(a) states that the "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims." Proper authentication can be established by the testimony of a witness with knowledge that a matter is what it is claimed to be. Tenn. R. Evid. 901(b)(1).

3

In light of the foregoing, it is clear the check was properly authenticated before it was admitted into evidence. Officer Maddox testified that he believed the check to be the same check he found in the wallet of the defendant's partner and then gave to Deputy Wilson. Deputy Wilson then testified that the check was the same check taken from the car and given to him by Officer Maddox. Deputy Wilson then testified that the check had been in his possession from the moment Officer Maddox had given it to him until the morning of trial when he initialed the back of the check and gave it to the State's attorney. Deputy Wilson then identified the initials on the back of the check as his own.

In light of the foregoing, a chain of custody was clearly established and the authentication of the check was sufficient to support a finding by the trier of fact that the check introduced into evidence was the check found in the wallet of the defendant's partner on the day they were apprehended. As such, this issue is without merit.

The defendant's second contention is that the evidence is insufficient to establish the defendant's guilt beyond a reasonable doubt.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime

4

beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

In the case at bar, the defendant was positively identified by several witnesses as the man who came into the bank and later the grocery store to cash a check belonging to Ambrose Mosby. In addition, pictures taken by the bank's security camera showed the defendant inside the bank speaking with one of the bank tellers. Furthermore, Officer Wilson testified that the defendant, after being arrested and given his Miranda warnings, admitted that although he did not forge the check he did attempt to pass it.[1] In light of the foregoing, it is clear the defendant has not met his burden of illustrating to this Court why the evidence is insufficient to support the jury's verdict. In viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As such, this issue is without merit.

In sum, we find that the trial court did not err by overruling the defendant's motion for a new trial. Accordingly, we affirm the judgment of the trial court.

_____
_____JOHN H. PEAY, Judge

---

[1] We note that the defendant was charged with forgery by possessing a forged instrument with the intent to pass such instrument rather than for the actual alterations of such instrument. See T.C.A. § 39-14-114(b)(1)(D).

5

CONCUR:

_____
DAVID G. HAYES, Judge


_____
L. T. LAFFERTY, Special Judge